**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**DANNY HUBBARD**                                                                    **PLAINTIFF**

**VS.**                                                                **CIVIL ACTION NO. 3:04CV117LN**

**GEOFFREY STILL, SHELLY BOONE,
JOHN HUSEBOSCH, JON COOLEY,
WILLIE WATKINS, JOHN FORMAN,
ANTONIO L. PITTMAN, HAROLD
GRAY, WLMO TOWNSEND, LEIGH
WELLS, WILLIAM SIMPSON, KYLE
REYNOLDS, GREGORY REYNOLDS,
DAVID ELSON, JIM RUBLE, RONNIE
ODOM and KEVIN MAY**                                        **DEFENDANTS**

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 23rd day of January, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff, who is incarcerated at a federal facility in Pollock, Louisiana, appeared *pro se*, by telephone, and the Defendants were represented by attorney Royce Cole. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

1. <u>**JURISDICTION AND SUMMARY OF CLAIMS**</u>

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Hubbard was arrested at a weigh station in Vicksburg, Mississippi, after drugs were found in a truck that he was driving, and he ultimately pleaded guilty to possession with intent to distribute marijuana.  He claims that narcotics agents used excessive force in an attempt to have Hubbard complete the delivery of the drugs that were in his truck.  To that end, Hubbard was taken to a truck stop in Jackson, Mississippi, where he was supposed to wait for a cell phone call from the person who was to accept delivery of the marijuana.  Hubbard claims that, because he refused to cooperate in that call, Defendant Geoffrey Still, an agent with the Mississippi Bureau of Narcotics, beat him while the other officers and agents watched and failed to intervene.  He claims that he was hit in the head by Still's fist, causing his eyesight to deteriorate.  Hubbard claims that he was taken from the Warren County Jail to a clinic in Vicksburg, Mississippi, for treatment for his injuries, but he cannot remember the name of the clinic.

A review of the file of Hubbard's criminal case reveals that he executed a Memorandum of Understanding in connection with his guilty plea.  *United States v. Hubbard*, 5:03cr1DCB.  In that Memorandum, Hubbard waived his right to appeal or collaterally attack his conviction.  A later attempt to do so has been dismissed by this court.  *Hubbard v. United States*, 5:04cv89DCB.  This case originally included a claim that the evidence that was used against Hubbard in his criminal prosecution was obtained without probable cause; however, that claim was dismissed by the court as barred by the principles of *Heck v. Humphrey*, 512 U.S. 477 (1994).  The only claim remaining is Hubbard's claim of excessive force.  During the guilty plea hearing in his criminal case, Hubbard

admitted that he suffered from glaucoma, but sought to blame his deteriorating eyesight on being "roughed up a little" during his arrest.

    2.    **DISCOVERY ISSUES and PENDING MOTIONS**

The court will send the Plaintiff a medical waiver with this Order, so that the attorney for the Defendants can acquire all of his medical records pertaining to this incident, as well as his medical records from the facility in which he is currently incarcerated, and present them at the trial for the benefit of the court and all parties. The Plaintiff should sign and return this Waiver, which will be forwarded to counsel for the Defendants. The Defendants' attorney is directed to provide copies to the Plaintiff of any records acquired regarding the Plaintiff. The Defendants' attorney is also directed to obtain the Plaintiff's jail file from Warren County, which should identify the clinic where the Plaintiff received treatment. The Plaintiff has requested that a subpoena *duces tecum* issue to Chokwe Lumumba, who represented the Plaintiff for a time, to obtain photographs of his injuries. The court is of the opinion that the medical records should adequately document those injuries, and this request will be held in abeyance pending a review of those records.

The Plaintiff has requested that subpoenas *duces tecum* be issued to the "Keeper of the Records" of both the Petro Truck Stop, where the alleged beating occurred, and England Tire Company, which is apparently located nearby, requesting video surveillance tapes for March 10, 2002. He has also requested that a subpoena *duces tecum* be issued to the Mississippi Department of Transportation for the video tape recording of his safety check at the Vicksburg weigh station on March 10, 2002. Such records, if they exist, could be pertinent to Hubbard's excessive force claim, although it is doubtful that any film from the weigh station would have any probative value.

It is always difficult for an inmate to conduct discovery, and this difficulty is compounded by the court's inability to appoint counsel for inmate in civil actions. Thus, the court must balance the prisoner's need for information against the burden on the court or counsel opposite to obtain discovery that would, ordinarily, be gathered by his attorney. Here, it is unlikely that any of the entities mentioned in Hubbard's witness list have retained surveillance films dating back to 2002. However, to be fair to Hubbard, the court will require some effort to be made to determine their existence. Therefore, counsel for the Defendants will be required to contact the Petro Truck Stop and the England Tire Company to determine whether those films exist, and, if so, who is in possession of those tapes. Counsel shall make a report to the court on this contact.

The parties stipulate as to the authenticity of the Plaintiff's medical records and agree that no physician testimony shall be necessary at the trial. The records shall be admitted as a general exhibit. There are no other discovery matters pending, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

3. **TRIAL WITNESSES**

The Plaintiff has not requested the testimony of any incarcerated witnesses.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED, as follows:

1. Counsel for the Defendants shall report to the court, on or before February 27, 2006, as to the results of her contact with the entities discussed above that might have copies of videotapes related to the incident that is the subject of this matter.

2. Counsel for the Defendants shall provide the Plaintiff copies of relevant medical and jail records on or before March 31, 2006.

3. The deadline for submitting motions in this matter is April 21, 2006.

4. This matter will be tried on the trial calendar that begins on August 7, 2006, and ends on August 18, 2006.

IT IS SO ORDERED, this the 31st day of January, 2006.

                                                            S/Alfred G. Nicols, Jr.
                                             UNITED STATES MAGISTRATE JUDGE