IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DANNY HUBBARD**                                                        **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO. 3:04CV117LN**

**GEOFFREY STILL, SHELLY BOONE,
JOHN HUSEBOSCH, JON COOLEY,
WILLIE WATKINS, JOHN FORMAN,
ANTONIO L. PITTMAN, HAROLD
GRAY, WLMO TOWNSEND, LEIGH
WELLS, WILLIAM SIMPSON, KYLE
REYNOLDS, GREGORY REYNOLDS,
DAVID ELSON, JIM RUBLE, RONNIE
ODOM and KEVIN MAY**                                                    **DEFENDANTS**

## ORDER

This matter came before the court on two letters written by the Plaintiff, in which he requested the appointment of counsel and a copy of the transcript of his omnibus hearing. The Plaintiff is incarcerated at a federal facility in Pollock, Louisiana, and appeared for his Omnibus Hearing *pro se*, by telephone. In light of this special circumstance, the court is of the opinion that the Plaintiff should have a copy of the transcript of that hearing, which has already been prepared and filed in this matter.

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The Plaintiff, Danny Hubbard, was arrested at a weigh station in Vicksburg, Mississippi, after drugs were found in a truck that he was driving, and he ultimately pleaded guilty to possession with intent to distribute marijuana. He claims that narcotics agents used excessive force in an attempt to have Hubbard complete the delivery of the drugs that were in his truck. To that end, Hubbard was taken to a truck stop in Jackson,

1

Mississippi, where he was supposed to wait for a cell phone call from the person who was to accept delivery of the marijuana. Hubbard claims that, because he refused to cooperate in that call, Defendant Geoffrey Still, an agent with the Mississippi Bureau of Narcotics, beat him while the other officers and agents watched and failed to intervene. He claims that he was hit in the head by Still's fist, causing his eyesight to deteriorate.

The court cannot grant Hubbard's request for the appointment of counsel. Unlike criminal cases, for which money is appropriated by Congress or the state legislature to pay attorneys, there is no money appropriated to pay attorneys for civil litigants. For that reason, there is no automatic right to counsel in a §1983 action, and unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in these cases. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The court considering such a request must specifically consider:

> (1) the type and complexity of this case;
>
> (2) whether the plaintiff is capable of adequately presenting his case;
>
> (3) whether the plaintiff is in a position to adequately investigate the case; and,
>
> (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses.

*Ulmer v. Chancellor*, 691 F.2d 209, 212-213 (5th Cir. 1982).

The Plaintiff has claimed that excessive force was used in his arrest. Claims similar to this are not uncommon among §1983 cases; they are simple and straightforward and involve no complex theory of law which would require legal skills to develop. Furthermore, a review of the file in this case, including the pleadings, as well as the telephone conversation with the Plaintiff during the

Omnibus Hearing, all confirm that the Plaintiff is capable of presenting the instant claims with limited assistance from the court.

The undersigned is, therefore, of the opinion that the Plaintiff will be able to effectively present his claims at trial, since the facts of this case do not call for extraordinary skills in cross-examination or the presentation of evidence. The resolution of this case will hinge on the credibility determination which the court makes at trial and primarily the analysis of the applicable law regarding these claims, as well as the medical records of the Plaintiff. The court has already recognized the limitations on the Plaintiff's ability to prepare his case that will be caused by his incarceration out of state and entered a detailed discovery order. Because the court will assist the Plaintiff in obtaining his necessary evidence and witnesses, the court believes at this time that the Plaintiff will be able to adequately investigate the case, and no prejudice which will affect the outcome of this case will result to the Plaintiff as a result of his incarceration.

IT IS, THEREFORE, ORDERED, that the Plaintiff's letter request for the appointment of counsel, which the court construes as a Motion to that effect, is hereby **denied**. The Plaintiff's letter request for a copy of the transcript of his Omnibus Hearing, which the court will construe as a Motion for Copies at Government Expense, is hereby **granted**, and the Clerk is directed to mail a copy of that transcript to the Plaintiff.

IT IS SO ORDERED, this the 20th day of April, 2006.

                                                S/James C. Sumner
                                      UNITED STATES MAGISTRATE JUDGE