IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DANNY HUBBARD, # 07614-043**                                                      **PLAINTIFF**

v.                                                                                          No. 3:04CV117LS

**GEOFFREY STILL, SHELLY BOONE,
JOHN HUSEBOSCH, JON COOLEY,
WILLIE WATKINS, JOHN FORMAN,
ANTONIO L. PITTMAN, HAROLD
GRAY, WLMO TOWNSEND, LEIGH
WELLS, WILLIAM SIMPSON, KYLE
REYNOLDS, GREGORY REYNOLDS,
DAVID ELSON, JIM RUBLE, RONNIE
ODOM and KEVIN MAY**                                                             **DEFENDANTS**

## ORDER

This cause is before the court on the Defendants' Motion for Summary Judgment, which is currently under consideration by the court. An important issue in resolving this Motion is the question of whether the Plaintiff was actually injured by the beating that he alleges as the basis of his Complaint. Records provided by the Defendants indicate that Hubbard was brought to the Warren County Jail without any complaint of injury. The nurse at the Jail, who was not employed there at the time of Hubbard's arrest, has submitted an affidavit to the effect that there are no records in his file that indicate that he received any medical treatment. Hubbard, however, insists that he was treated at the River Regional Medical Center.

This statement creates an issue of fact that the court is not inclined to resolve against Hubbard on the basis of hearsay evidence from a person not involved with Hubbard's incarceration. The Defendants have a medical waiver from Hubbard, and they could have sought records from the Center. Instead, however, they argue that Hubbard failed to timely name the place where he

allegedly received medical treatment and has forfeited his right to maintain this lawsuit thereby. The court is not inclined to dismiss a lawsuit brought by a *pro se* prisoner, especially one who is not from this area and who is confined to an institution outside the state, because he was late in providing the name of the medical facility where he allegedly received treatment, for several reasons. First, in declining to appoint counsel for the Plaintiff, the court committed to assist him in obtaining the necessary evidence to present his case. Second, the Plaintiff notified the court as early as August 2, 2005, that he wanted a subpoena issued to the "Region Medical Center" for his medical records. Thus, there is no indication that he wilfully withheld the identity of the medical provider, just that he did not have its exact name. Finally, the Fifth Circuit discourages the early dismissal of a prisoner suit where there is any possibility that the prisoner could adequately develop his claims through discovery. *See, e.g., Taylor v. Johnson*, 257 F.3d 470 (5th Cir. 2001).

It appears that the proper course of action at this point is to require the Defendants to seek medical records from the River Regional Medical Center relative to any treatment of Danny Hubbard at the time of his arrest. Since the Defendants already have a medical waiver from the Plaintiff, they should be in a position to make this request. If they obtain any such records, they should be sent to the Plaintiff and to the court immediately.

IT IS, THEREFORE, ORDERED, that the Defendants are to issue a subpoena from this court to River Regional Medical Center, seeking records of any treatment of Danny Hubbard during the month of March, 2002. The Defendants are to report to the court on or before October 30, 2006, as to whether any material has been received as the result of that subpoena.

IT IS ORDERED, this the 10th day of October, 2006.

                                                                           S/James C. Sumner
                                            UNITED STATES MAGISTRATE JUDGE